**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.B.-1**

**No. 25-195** (Barbour County CC-01-2024-JA-3)

**MEMORANDUM DECISION**

Petitioner Father J.B.-2[1] appeals the Circuit Court of Barbour County's February 28, 2025, order terminating his parental rights to J.B.-1, arguing that the circuit court erred by denying him an extension to his post-adjudicatory improvement period or a post-dispositional improvement period and terminating his rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2024, the DHS filed an abuse and neglect petition alleging, in pertinent part, that the parents exposed J.B.-1 to domestic violence which had led to the mother's arrest and that the petitioner abused marijuana.[3] At the preliminary hearing in February 2024, the circuit court ordered the parents to have no contact with one another and that the petitioner drug test at the conclusion of the hearing, upon which the petitioner tested positive for marijuana. Subsequently in March 2024, the DHS amended its petition to include allegations of medical neglect. Specifically, the DHS alleged that the parents' noncompliance with appointments and care caused J.B.-1 to be prematurely discharged from WVU Home Health services and that the parents declined to participate in the Birth to Three program as well. As J.B.-1 was a then-ten-month-old child with severe autism who required a colostomy bag, feeding tube, and oxygen tube, along with aftercare for his recent heart surgery, the DHS alleged that such failure to participate could profoundly affect the child's health.

In April 2024, the circuit court held an adjudicatory hearing at which the petitioner stipulated to the DHS's allegations. As such, the circuit court adjudicated the petitioner as an abusing and/or neglecting parent of J.B.-1 on the grounds of domestic violence, substance abuse,

---

[1] The petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Carl E. Hostler. Counsel Ashley J. Smith appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the child and the petitioner share initials, we use numbers to differentiate them.

[3] The petition also concerned another child who is not subject to this appeal.

and medical neglect. The circuit court then granted the petitioner's motion for a post-adjudicatory improvement period. The terms of this improvement period required the petitioner to, among other things, comply with drug screening, participate in the Batterer Intervention and Prevention Program ("BIPP") along with parenting and adult life skills classes, and attend all multidisciplinary team ("MDT") meetings. Additionally, the circuit court ordered the petitioner to undergo a psychological evaluation.

However, on November 5, 2024, the petitioner was charged with burglary and assault during the commission of a felony and was incarcerated on November 11, 2024. The circuit court held a dispositional hearing in December 2024, at which the DHS presented evidence of the petitioner's noncompliance with his improvement period since May 2024. Specifically, before his incarceration, the petitioner tested positive on May 28, 2024, for methamphetamine, missed several drug screens, continued to abuse marijuana, failed to attend MDT meetings, failed to participate in BIPP classes, could not participate in parenting and adult life skills classes as well as supervised visitation due to his noncompliance with drug screening, continued to associate with the mother, and failed to appear for his psychological evaluation. The petitioner moved the circuit court to grant his pending written motion for a post-dispositional improvement period, testifying that he was now willing to participate in drug rehabilitation and other services to address the issues for which he was adjudicated. The circuit court found that the petitioner "has not completed the requirements for an improvement period, and in fact, things have gotten worse," and denied the petitioner's motion. As such, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, due to J.B.-1's medically fragile condition and his need for permanency, the circuit court found that termination was necessary for his welfare. Therefore, the circuit court terminated the petitioner's parental rights to J.B.-1.[4] It is from the circuit court's dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). To begin, the petitioner alleges that the circuit court erred in denying him either an extension to his post-adjudicatory improvement period or a post-dispositional improvement period. We disagree. Pursuant to West Virginia Code § 49-4-610(6), a court *may* grant an extension of an improvement period if it finds, among other things, that the petitioner "substantially complied with the terms of the improvement period . . . and that the extension is otherwise consistent with the best interest of the child." Here, the petitioner tested positive for drugs; failed to participate in all services, MDT meetings, and visitation; and continued to have contact with the mother against court order. As such, there was ample evidence for the circuit court to find that the petitioner failed to substantially comply with the terms of his improvement period. Furthermore, pursuant to West Virginia Code § 49-4-610(3)(D), when parents have already been granted an improvement period, a circuit court may only grant a post-dispositional improvement period if it is "demonstrate[d] that since the initial improvement period, [they have] experienced a substantial change in circumstances,"

---

[4] The mother's rights have also been terminated. The permanency plan for J.B.-1 is adoption in his current placement.

and "due to that change in circumstances, [they are] likely to fully participate in the improvement period." Here, the petitioner's actions demonstrated that there was no substantial change in circumstances as he failed to participate and comply with services since May 2024. In fact, the petitioner's circumstances worsened over time. Therefore, the circuit court had sufficient evidence to deny the petitioner's motion for a post-dispositional improvement period, and we conclude that the court did not abuse its discretion in this regard. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").[5]

Lastly, the petitioner asserts that the circuit court erred by finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future and by terminating his rights. We again disagree. Pursuant to West Virginia Code § 49-4-604(d)(3), there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Here, as stated above, the petitioner failed to substantially comply and follow through with services since May 2024, showing a progressive decline in participation. Therefore, the circuit court had ample evidence to find that there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect in the near future. West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). Furthermore, the child's young age, his medically fragile condition, and his need for safe and stable permanency supported the circuit court's findings that termination was necessary for J.B.-1's welfare—a finding that the petitioner does not challenge on appeal. Thus, we conclude that the circuit court did not err in terminating the petitioner's parental rights to J.B.-1.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 28, 2025, order is hereby affirmed.

Affirmed.

---

[5] The petitioner also asserts that the circuit court erred in failing to consider his incarceration as a mitigating factor to his noncompliance with the terms of his improvement period. However, the evidence shows that the petitioner's noncompliance arose in May 2024, months before his incarceration in November 2024. As such, the petitioner's incarceration had no bearing on his failure to comply. To the extent that the petitioner argues that the circuit court erred in basing its denial of an improvement period solely on the petitioner's incarceration, the record indicates the contrary, as the court took evidence regarding the petitioner's conduct before his incarceration, and it was this evidence that served as the basis for its denial. Therefore, the petitioner's arguments are meritless, and he is not entitled to relief on these grounds.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III